**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LEIGH W. KEYES,

      Petitioner,                     Civil No. 05-CV-71160-DT
                                             HONORABLE ARTHUR J. TARNOW
v.                                UNITED STATES DISTRICT JUDGE

PAUL RENICO,

      Respondent,
_____/

## OPINION AND ORDER GRANTING THE
## PETITION FOR WRIT OF HABEAS CORPUS

Leigh W. Keyes, ("petitioner"), presently confined at the St. Louis Correctional Facility in St. Louis, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his *pro se* habeas application, petitioner challenges his convictions for assault with intent to commit murder, M.C.L.A. 750.83; and first-degree home invasion, M.C.L.A. 750.110a(2).  For the reasons stated below, including the respondent's confession of error, petitioner's application for writ of habeas corpus is **CONDITIONALLY GRANTED**.

### I.  Background

Petitioner pleaded guilty to the above offenses in the Kent County Circuit Court and was sentenced to concurrent sentences of fourteen to fifty years on the assault with intent to commit murder conviction and ten to twenty years on the first-degree home invasion conviction.

1

*Keyes v. Renico,* 05-CV-71160-DT

Petitioner subsequently filed a motion for the appointment of appellate counsel.  The trial court denied petitioner's request for appointment of appellate counsel, based upon the fact that petitioner had pleaded guilty and had received a sentence within the sentencing guidelines range as scored by the court, but above the range scored by defense counsel and below the range scored by the probation department, and was therefore not entitled to the appointment of appellate counsel under Michigan law. *People v. Keyes,* 02-05046-FC (Kent County Circuit Court, September 9, 2003).  The trial court subsequently denied petitioner's motion for reconsideration. *Id.*

Petitioner thereafter filed a *pro se* application for leave to appeal with the Michigan Court of Appeals.  As part of this appeal, petitioner again requested the appointment of appellate counsel.  The Michigan Court of Appeals denied petitioner leave to appeal. *People v. Keyes,* 253538 (Mich.Ct.App. June 15, 2004).  Petitioner then filed a *pro se* application for leave to appeal to the Michigan Supreme Court, in which he again requested the appointment of appellate counsel.  The Michigan Supreme Court denied petitioner leave to appeal. *People v. Keyes,* 471 Mich. 952; 690 N.W. 2d 110 (2004).

Petitioner has now filed an application for a writ of habeas corpus on several grounds.  Respondent has filed an answer, in which he has confessed error with respect to petitioner's claim regarding the trial court's failure to appoint

2

*Keyes v. Renico,* 05-CV-71160-DT

appellate counsel following his guilty plea.

## II.  Standard of Review

> An application for a writ of habeas corpus on behalf of a
> person in custody pursuant to the judgment of a State court
> shall not be granted with respect to any claim that was
> adjudicated on the merits in State court proceedings unless
> the adjudication of the claim–
>
> (1)    resulted in a decision that was contrary to, or involved
> an unreasonable application of, clearly established
> Federal law, as determined by the Supreme Court of the
> United States; or
>
> (2)    resulted in a decision that was based on an
> unreasonable determination of the facts in light of the
> evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Harpster v. State of Ohio*, 128 F. 3d 322, 326 (6th Cir. 1997).

A decision of a state court is "contrary to" clearly established federal law if

the state court arrives at a conclusion opposite to that reached by the Supreme

Court on a question of law or if the state court decides a case differently than the

Supreme Court has on a set of materially indistinguishable facts. *Williams v.

Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs

when "a state court decision unreasonably applies the law of [the Supreme

Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may

not "issue the writ simply because that court concludes in its independent

judgment that the relevant state-court decision applied clearly established

federal law erroneously or incorrectly." *Id.* at 410-11.  However, an

3

*Keyes v. Renico,* 05-CV-71160-DT

"unreasonable application" of clearly established federal law can occur where the state court either unreasonably extends a legal principle from the Supreme Court's precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Ruimveld v. Birkett,* 404 F. 3d 1006, 1010 (6th Cir. 2005); *Hill v. Hofbauer,* 195 F. Supp. 2d 871, 878 (E.D. Mich. 2001)(both quoting *Willams,* 529 U.S. at 407).

### III.  Discussion

In 1994, Michigan voters approved a proposal which amended Michigan's State Constitution to provide that "an appeal by an accused who pleads guilty or *nolo contendere* shall be by leave of the court,"rather than by right. Mich. Const., Art. 1, § 20.  In the aftermath of this amendment, some trial court judges in Michigan, including petitioner's trial court judge, began to deny appointed appellate counsel to indigent defendants who had pleaded guilty or *nolo contendere*. *See Kowalski v. Tesmer,* 125 S. Ct. 564, 566 (2004).  A majority of the Michigan Supreme Court upheld the constitutionality of this practice against challenges based on the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the Federal Constitution. *People v. Harris*, 470 Mich. 882; 681 N.W.2d 653 (2004)(Kelly, J. dissenting and Cavanagh, J. would hold case in abeyance pending the decision in *Kowalski v. Tesmer, supra)*; *People v. Bulger*, 462 Mich. 495; 614 N.W. 2d 103 (2000)(Cavanagh, and Kelly, JJ.,

4

*Keyes v. Renico,* 05-CV-71160-DT

dissenting).  The Michigan State Legislature codified the practice of limiting the

appointment of appellate counsel in guilty plea cases to certain limited situations.

*See* M.C.L.A. 770.3a (2000).

In this case, petitioner was convicted upon his plea of guilty and requested

the appointment of appellate counsel in order to file an application for leave to

appeal.  Petitioner's trial court judge denied petitioner's request, based upon

*People v. Bulger, supra,* and M.C.L.A. 770.3a.  Petitioner was forced to

represent himself *pro se* on appeal.  The question for this Court is whether the

denial of appellate counsel entitles petitioner to habeas relief.

The Court notes at the outset that respondent has confessed error on this

issue.  Confessions of error are given great weight but do not relieve a federal

court of performing its judicial function. *See Sibron v. New York,* 392 U.S. 40, 58

(1968)(quoting *Young v. United States,* 315 U.S. 257, 258 (1942)).

Nonetheless, a confession of error is "generally given great deference" and

when that confession of error is "made by the official having full authority for

prosecution on behalf of the government it is entitled to even greater deference."

*See Korematsu v. United States,* 584 F. Supp. 1406, 1413 (N.D. Cal. 1984).  In

this case, the Court will grant habeas relief, because respondent's confession of

error that petitioner was denied the right to the assistance of counsel on appeal

is in consonance with controlling legal authority. *See Edick v. United States,* 264

5

*Keyes v. Renico,* 05-CV-71160-DT

F. 2d 229, 229 (6th Cir. 1959).

In *Halbert v. Michigan,* 125 S. Ct. 2582, 2586 (2005), the United States Supreme Court, based on its holding in *Douglas v. California*, 372 U.S. 353, 356 (1963), held that the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution require the appointment of counsel for defendants who have pleaded guilty or *nolo contendere* and who seek access to first-tier review of their convictions in the Michigan Court of Appeals.

In applying the rationale of *Douglas* to require the appointment of appellate counsel in plea-based convictions, the U.S. Supreme Court was guided by two considerations.  The U.S. Supreme Court first found that in determining how to dispose of an application for leave to appeal, the Michigan Court of Appeals looked to the merits of the claims made in the application. *Halbert,* 125 S. Ct. at 2590.  The U.S. Supreme Court further found that "[i]ndigent defendants pursuing first-tier review in the [Michigan] Court of Appeals are generally ill equipped to represent themselves." *Id.*  Of "critical importance" to their decision, the U.S. Supreme Court found that the Michigan Court of Appeals, unlike the Michigan Supreme Court, sits as an "error-correction" court, and thereby rejected the State of Michigan's argument that review of a plea-based conviction in the Michigan Court of Appeals was a form

6

*Keyes v. Renico,* 05-CV-71160-DT

of "discretionary review" for which the appointment of appellate counsel was not required, pursuant to the holding in *Ross v. Moffitt,* 417 U.S. 600 (1974). *Id.* at 2590-91.

Thus, "[W]hether formally categorized as the decision of an appeal or the disposal of a leave application, the [Michigan] Court of Appeals' ruling on a plea-convicted defendant's claims provides the first, and likely the only, direct review the defendant''s conviction and sentence will receive." *Halbert,* 125 S. Ct. at 2591.  A "first-tier review" applicant like petitioner, who is forced to represent himself on appeal, will, unlike a defendant who is represented on appeal by counsel, "[f]ace a record unreviewed by appellate counsel, and will be equipped with no attorney's brief prepared for, or reasoned opinion by, a court of review." *Halbert,* 125 S. Ct. at 2592.  "[N]avigating the appellate process without a lawyer's assistance is a perilous endeavor for a layperson, and well beyond the competence of individuals, like Halbert, who have little education, learning disabilities, and mental impairments" and Michigan's procedures for seeking leave to appeal after sentencing on a guilty or *nolo contendere* plea "may intimidate the uncounseled." *Id.* at 2593.

This Court concludes, based upon the U.S. Supreme Court's holding in *Halbert v. Michigan, supra,* that petitioner was deprived of his right to the assistance of appellate counsel and is therefore entitled to the issuance of a writ

7

*Keyes v. Renico,* 05-CV-71160-DT

of habeas corpus.  Morever, even prior to the U.S. Supreme Court's holding in
*Halbert,* another judge in this district held that the Michigan Supreme Court's
decision in *People v. Bulger, supra,* to deny appellate counsel to defendants who
had pleaded guilty or *nolo contendere*, was an unreasonable application of the
U.S. Supreme Court's holding in *Douglas v. California. See Bulger v. Curtis,* 328
F. Supp. 2d 692, 702-03 (E.D. Mich. 2004).  At a minimum, the Michigan
Supreme Court's refusal to extend the holding of *Douglas* to first-tier guilty plea
appeals was unreasonable, entitling petitioner to relief.

The remaining question for the Court is what the appropriate habeas
remedy would be in this case.  A federal habeas court has broad discretion in
conditioning a judgment granting habeas relief. *Hilton v. Braunskill*, 481 U.S.
770, 775 (1987).  28 U.S.C. § 2243 authorizes federal courts to dispose of
habeas corpus matters "as law and justice require."  Federal district courts have
broad discretion to fashion the appropriate form of habeas relief and that
discretion includes conditionally granting a writ to pursue another appeal with the
assistance of appellate counsel. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d
818, 830 (E.D. Mich. 2004); *modified on reconsideration,* 340 F. Supp. 2d 773
(E.D. Mich. 2004); *app. withdrawn*.  The appropriate remedy in this case would
be to grant the writ conditioned upon the State of Michigan appointing counsel
for the petitioner to prepare an application for leave to appeal and accepting said

8

*Keyes v. Renico,* 05-CV-71160-DT

appeal for filing thereafter. *Bulger v. Curtis,* 328 F. Supp. 2d at 703.

With respect to petitioner's other claims, by granting petitioner a new appeal, this Court has essentially "unexhausted" the remainder of petitioner's claims. *See Walker v. McCaughtry,* 72 F. Supp. 2d 1025, 1037 (E.D. Wis. 1999). This Court declines "to collaterally estop" petitioner from raising these issues, or any additional claims, on his reinstated appeal and prefers to allow the recommencement of petitioner's direct appeal in the Michigan appellate courts "[t]o completely wipe clean the slate" and to allow these state courts, rather than this Court, the initial opportunity to decide these issues. *Id.*

## IV.  ORDER

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **CONDITIONALLY GRANTED**.  It is further **ORDERED** that the State of Michigan shall, within fifty-six days, either appoint counsel for the petitioner to prepare an application for leave to appeal or a motion to withdraw the guilty plea with a *Ginther* hearing to determine the issue of the effective assistance of trial counsel and accept said appeal or motion for filing within fifty-six days thereafter, or release the petitioner from its unlawful custody, in which case the petitioner's convictions shall be vacated.

s/Arthur J. Tarnow
**Arthur J. Tarnow**

9

*Keyes v. Renico,* 05-CV-71160-DT

**United States District Judge**

**Dated:  September 2, 2005**

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 2, 2005, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary

10