UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEIGH W. KEYES,

      Petitioner,          Civil No. 05-CV-71160-DT
                    HONORABLE ARTHUR J. TARNOW
v.                   UNITED STATES DISTRICT JUDGE

PAUL RENICO,

      Respondent,
_____/

### OPINION AND ORDER DENYING THE MOTION FOR UNCONDITIONAL WRIT OF HABEAS CORPUS AND GRANTING RESPONDENT AN EXTENSION OF TIME TO COMPLY WITH THE COURT'S ORDER

  On September 2, 2005, this Court granted a writ of habeas corpus to petitioner, on the ground petitioner was deprived of his right to the assistance of appellate counsel for his plea based conviction, in violation of *Halbert v. Michigan,* 125 S. Ct. 2582 (2005). The writ was conditioned upon the State of Michigan appointing counsel for the petitioner within fifty six days of the order to prepare an application for leave to appeal or a motion to withdraw the guilty plea with a *Ginther* hearing to determine the issue of the effective assistance of trial counsel. The writ was further conditioned upon the State of Michigan accepting said appeal or motion for filing within fifty-six days after appellate counsel was appointed to represent petitioner.

  Petitioner has now filed a motion for execution or enforcement of the Court's order. On March 31, 2006, this Court ordered respondent and petitioner's appellate counsel to show cause why an unconditional writ should not issue in this case. The Michigan Attorney General's Office and petitioner's appellate counsel have filed

1

*Keyes v. Renico,* 05-71160-DT

responses to the order to show cause. Petitioner has filed a reply to these responses. For the reasons stated below, the Court will deny the motion for an unconditional writ of habeas corpus. The Court will further grant petitioner's appellate counsel an extension of time to July 31, 2006 to file either an application for leave to appeal with the Michigan Court of Appeals or a motion to withdraw the guilty plea with the Kent County Circuit Court. If appellate counsel fails to perfect petitioner's appeal by July 31, 2006, petitioner is free to file a motion for enforcement of the writ as per the terms outlined below.

A federal district court retains jurisdiction to determine whether a party has complied with the terms of a conditional order in a habeas case. *Phifer v. Warden, U.S. Penitentiary, Terre Haute, Ind.,* 53 F. 32d 859, 861 (7th Cir. 1995). However, the equitable power of a federal district court in deciding a habeas petition includes the ability to grant the state additional time beyond the period initially prescribed in the writ to cure any constitutional deficiency. *See Gilmore v. Bertrand,* 301 F. 3d 581, 583 (7th Cir. 2002). This Court thus has the power to grant the State of Michigan additional time to comply with this Court's order to correct the denial of petitioner's right to appeal with counsel. *Id.*

In the present case, Ronald D. Ambrose of Livonia, Michigan was appointed as appellate counsel for petitioner on October 26, 2005, some fifty four days after this Court issued the conditional writ of habeas corpus. It is undisputed by the parties that appellate counsel has failed to file an application for leave to appeal or a motion to vacate the guilty plea within fifty six days of his appointment.

*Keyes v. Renico,* 05-71160-DT

In his response to the order to show cause, Mr. Ambrose acknowledges being appointed as appellate counsel on October 26, 2005 and visiting petitioner in prison on November 25, 2005. Mr. Ambrose indicates that he was in the process of preparing to file a motion with the Kent County Circuit Court when he was informed by Stefani C. Godsey on February 1, 2006 that she had been retained as appellate counsel by petitioner's family to replace Mr. Ambrose. Mr. Ambrose indicates that he transferred his file to Ms. Godsey on February 4, 2006.

According to respondent in her response to the order to show cause, a status conference was conducted in the Kent County Circuit Court on April 20, 2006. Ambrose indicated at this conference that Ms. Godsey never filed a substitution of attorney form, even though Ambrose had signed and faxed a copy of the form to Godsey. According to respondent, the trial court made a finding of fact that petitioner's family had never retained Ms. Godsey.

In his reply, petitioner has attached a letter addressed to him from Mr. Ambrose dated May 15, 2006, in which Ambrose indicates that Ms. Godsey is not representing petitioner. Mr. Ambrose indicates in this letter that he would be preparing a motion to withdraw petitioner's guilty plea within ten days. Petitioner has also attached a letter from Mr. Ambrose dated May 27, 2006, in which Ambrose asks petitioner whether he wants any motions filed. As of this date, no motions appear to have been filed on petitioner's behalf in the state courts

In light of the fact that there has been substantial compliance with the previous order granting the conditional writ, the Court is willing to grant appellate counsel an

3

*Keyes v. Renico,* 05-71160-DT

extension of time until July 31, 2006 to file either an application for leave to appeal with the Michigan Court of Appeals, or a motion to vacate the guilty plea with the Kent County Circuit Court, depending upon petitioner's wishes.

In granting the extension of time in this case, the Court reminds both the Michigan Attorney General, as well as the Kent County Circuit Court, that the State of Michigan bares the ultimate responsibility for ensuring compliance with this Court's previous order which directed the reinstatement of petitioner's appeal with the assistance of appointed counsel. The trial court judge, in particular, bares a special responsibility of ensuring that appellate counsel takes the appropriate action to perfect petitioner's appeal in a timely manner.   *Turner v Bagley*, 401 F.3d 718 (6th Cir, 2005).

In cases such as *Turner's* "failures of court appointed counsel and delays by the court are attributable to the state." *Coe v Thurman*, 922 F.2d 528, 531-32 (citing *Barker v Wingo*, 407 U.S. 514, 531 ("the ultimate responsibility for such circumstances [as negligence or overcrowded courts] must rest with the government rather than with the defendant.")

The Court further indicates that if appellate counsel fails to perfect petitioner's appeal by July 31, 2006, petitioner is again free to apply to this Court for the appropriate relief.  The Court believes that granting an unconditional writ and dismissing the charges against petitioner because of the State of Michigan's failure to comply with the order reinstating petitioner's appeal would be a drastic remedy.  This Court has previously noted that remedies in habeas cases generally should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on

*Keyes v. Renico,* 05-71160-DT

competing interests. *Dickens v. Jones,* 203 F. Supp. 2d 354, 364 (E.D. Mich. 2002). However, this Court also notes that when a state fails to comply with a conditional writ, a federal court can use its broad discretionary powers to grant various forms of equitable relief. *See Jones v. Smith,* 685 F. Supp. 604, 606-07 (S.D. Miss. 1988).

In this case, if the State of Michigan fails to comply with the terms of the present order by ensuring that petitioner's appeal is perfected by July 31, 2006, there would be two possible equitable alternatives in this case.  One such alternative would be to grant the writ and order a reduction of petitioner's sentence based on a correction of the scoring of Offense Variable (O.V.) 7 of the Michigan Sentencing Guidelines to zero points.  A second alternative would be to grant the writ conditioned upon petitioner being permitted to withdraw his guilty plea.  If the State of Michigan does not comply with this order, petitioner can file a motion for enforcement of the writ, at which time, he can select which of the two alternative conditional writs that he wishes to have granted.

## ORDER

**IT IS HEREBY ORDERED THAT Petitioner's Motion for Issuance of an Unconditional Writ of Habeas Corpus is DENIED.**

**IT IS FURTHER ORDERED that petitioner's appellate counsel, Ronald D. Ambrose, is given an extension of time to July 31, 2006 to perfect petitioner's appeal in compliance with this Court's opinion and order granting a conditional writ dated September 2, 2005.**

*Keyes v. Renico,* 05-71160-DT

IT IS FURTHER ORDERED that if respondent fails to comply with this order by July 31, 2006, petitioner can file a motion for enforcement of this order. At that time, petitioner is free to elect whether to have the Court issue a conditional writ ordering a re-sentencing based on the correct scoring of Offense Variable 7 of the Michigan Sentencing Guidelines, or to issue a conditional writ allowing petitioner to withdraw his guilty plea.

                                              s/Arthur J. Tarnow  
                                              Arthur J. Tarnow  
                                              United States District Judge

Dated: June 30, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 30, 2006, by electronic and/or ordinary mail.

                                              s/Catherine A. Pickles  
                                              Judicial Secretary